IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY A. NASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 18-640-GMS |
| | ) |
| KOLAWOLE AKINBAYO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff, Anthony A. Nash ("Nash"), an inmate at the Howard R. Young Correctional Institution ("HRYCI") in Wilmington, Delaware, filed this lawsuit pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and 18 U.S.C. § 241, alleging violations of his constitutional rights. (D.I. 1.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## II. BACKGROUND

Nash submitted a grievance which resulted in an informal resolution on February 12, 2016. Nash considers the informal resolution a contract among himself, the State of Delaware and the HRYCI. Nash alleges that the HRYCI Classification Department agreed that it would not classify Nash into the dormitory setting of the Key Program.[1]

---

[1] The Key Visions Program is the first component of Delaware's substance abuse treatment regimen for offenders with a history of substance abuse. Key Visions is a prison based therapeutic community with a total treatment environment that is discipline based, intense and isolated from the rest of the prison population. *See* http://www.doc.delaware.gov/views/hryci.blade.shtml (last visited July 23, 2018).

1

On October 4, 2016, Nash filed a civil rights action ("2016 action") against the defendant Connections CSP, Inc. ("Connections"), several Connections employees, and three Delaware Department of Correction ("DOC") employees. On December 19, 2017, this court denied a motion to dismiss filed by Connections and its employees in the 2016 action. On February 16, 2018, Nash was classified to minimum security level. On February 23, 2018, the Institutional Based Classification Committee ("IBCC") removed Nash's work status. Nash alleges that on February 23, 2018 the defendants conspired and intentionally breached his contract with the State of Delaware. He alleges they retaliated against him because the action taken against him occurred just a few days after he received discovery in the 2016 action.

On February 27, 2018, Nash was removed from the jail honor pod and, on March 1, 2018, transferred to a transition pod. On March 6, 2018, Nash received his classification notification that his work status was removed, and he was classified to "Key North." Nash alleges his classification to Key North violated his right to due process, and the defendants exhibited deliberate indifference to his serious medical needs when they placed him in a dorm with the intent to cause serious physical injury.[2]

Nash alleges that the defendant Warden Kolawole Akinbayo ("Akinbayo") knew of his claims because Nash reached out to the warden by letter, grievances, and an appeal, but Akinbayo completely ignored him. Nash also alleges that Akinbayo has veto power of all classification programs.

On March 6, 2018, Nash submitted a grievance asking why the informal resolution was not being enforced. Nash alleges that the defendant Cpl. Grose ("Grose") assured him the

---

[2] Nash appears to base this on an expert opinion used in the informal resolution of Nash's 2016 grievance that Nash "would deteriorate psychologically in a crowded environment such as the dorms." (D.I. 1 at 5.)

informal resolution would be enforced. Grose contacted Mental Health about the issue. Nash alleges that Grose had a duty to enforce all prior grievances, but he did not.

Nash, who was in the prison infirmary, was seen by the defendant Dr. David M. August ("Dr. August") on March 7, 2017. Nash alleges that the visit lasted only two minutes and that Dr. August told Nash that, "because you don't take meds, Mental Health cannot help you." Nash states that he does take not medication for his diagnosed agoraphobia and panic disorder because they make him tired or "zombie-like." Nash alleges that Dr. August conspired with the defendants in the 2016 action in an attempt to hurt him mentally and physically. Nash alleges that all the defendants conspired and retaliated against him for seeking redress from the courts, and they are collectively deliberately indifferent to his serious medical needs because they "intentionally breach[ed] their contract [] with the intent to do harm."

Connections runs or manages the Key Program. Plaintiff alleges that the State of Delaware and/or Connections intentionally used the Key Program as a weapon to deter or harm inmates. Nash was moved to Dormitory One of the Key North Program on March 20, 2018. He alleges that he was threatened with "the hole" and loss of good time if he did not sign the papers "to do the Key Program."

He seeks compensatory and punitive damages, as well as injunctive relief.

## III. STANDARD OF REVIEW

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner

3

seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Nash proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant Nash leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Classification/Housing

Nash's claim regarding his transfer to the Key Program fails to the extent he alleges it violated his constitutional rights. It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. *See Wilkinson v. Austin*, 545 U.S. 209, 221-22

(2005) (Constitution does not give rise to liberty interest in avoiding transfer to more adverse conditions of confinement); *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). The custody placement or classification of state prisoners within the State prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." *Meachum*, 427 U.S. at 225. "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). *See also Sandin v. Conner*, 515 U.S. 472, 480 (1995). Therefore, Nash can succeed under the Due Process Clause only if state law or regulation has created a constitutionally-protected liberty interest in remaining free from administrative detention. However, neither Delaware law nor Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* 11. Del. C. § 6529(e). Finally, to the extent Nash seeks to raise classification claims against Dr. August and Connections, the allegations are conclusory and fall far short of stating constitutional violations.

Therefore, the classification claim will be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**B.     Conspiracy**

Nash alleges all the defendants conspired to breach his contract with the State of Delaware. He also alleges that Dr. August conspired with the defendants in the 2016 action in an attempt to hurt him mentally and physically. Both claims will be dismissed under § 1983 as

neither claim alleges a conspiracy to deprive Nash of a federally protected right. They will also be dismissed under § 1985 and § 1986 as deficiently pled.

To state a conspiracy claim under §1983, Nash must show that "persons acting under color of state law conspired to deprive him of a federally protected right." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 254 (3d Cir. 1999). In addition, there must be evidence of actions taken in concert by defendants with the specific intent to violate that right. *Williams v. Fedor*, 69 F. Supp. 2d 649, 665-66 (M.D. Pa.), *aff'd*, 211 F.3d 1263 (3d Cir. 2000) (citing *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999)). A § 1983 conspiracy claim only arises, however, when there has been an actual deprivation of a right. *Andree v. Ashland Cty.*, 818 F.2d 1306, 1311 (7th Cir. 1987); *see also Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990) (recognizing that deprivation of a right was a necessary predicate to § 1983 conspiracy liability). *Accord Perano v. Township of Tilden*, 423 F. App'x 234 (3d Cir. 2011) (unpublished). As discussed above in the classification section, the complaint does not allege that the defendants actually deprived Nash of any federally protected right. Hence, the complaint fails to state a § 1983 conspiracy claim.

Nash also invokes § 1985 in alleging a conspiracy. The Supreme Court has interpreted the second clause of § 1985(2) and the first part of § 1985(3) similarly, finding that each contains language "requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). It is a well settled constitutional interpretation that "intent to deprive of equal protection, or equal privileges and immunities, means that there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 726. Nash fails to state a cause of action for conspiracy under § 1985 as there are no any facts from which one

could infer an agreement or understanding among the defendants to violate his constitutional rights based upon a discriminatory animus.

Nash also fails to state a claim under § 1986. A cognizable 42 U.S.C. 1985 claim is a prerequisite to stating a claim under § 1986. *Robison v. Canterbury Vill., Inc.*, 848 F.2d 424, 431 n. 10 (3d Cir. 1988); *Brawer v. Horowitz*, 535 F.2d 830, 841 (3d Cir. 1976). Because Nash does not properly plead a § 1985 violation under any viable legal theory, the court will dismiss the § 1986 claim.

Finally, the conspiracy claim under federal criminal statute 18 U.S.C. § 241 fails. To the extent Nash seeks to impose criminal liability upon the defendants pursuant to the criminal statute upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008) (unpublished); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

Accordingly, the conspiracy claims will be dismissed as legally frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

C.  **Retaliation**

Nash commenced the 2016 action on October 4, 2016. He alleges retaliation occurred on February 23, 2018, when his work status was removed just a few days after he received discovery in the 2016 action and for seeking redress from this court

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103,

111-12 (3d Cir. 1990). To state a claim for retaliation, a prisoner must allege that: (1) he was engaged in constitutionally protected conduct, (ii) he suffered some adverse action at the hands of prison officials, and (iii) "his constitutionally protected conduct was 'a substantial or motivating factor' in the decision to take that action." *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (citation omitted). The causation element requires a plaintiff to prove either: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 503-04 (3d Cir. 1997).

Even when viewing the facts in the light most favorable to Nash, as pled they do not state a retaliation claim. Notably, the element of causation is lacking. Moreover, it appears that the IBCC changed Nash's status. None of the IBCC members are named defendants in this action and it is unknown if they are named defendants in the 2016 action. Therefore, the claim will be dismissed for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). However, since it appears plausible that Nash may be able to articulate a claim against a defendant or name alternative defendants, he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

### D. Medical Needs

Nash attempts to raise medical needs claims against Connections and Dr. August. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105

(1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

Nash raises claims against Dr. August and Connection under a medical needs theory. However, it is clear that what he actually contests is his placement and housing in the Key Program which he believes will harm him because of his medical condition. As discussed above, the housing/classification claims are not cognizable.

Even when reading the Complaint in the most favorable light to Nash, he fails to state an actionable constitutional claim against the named defendants for deliberate indifference to a serious medical need. The claims speak to Nash's classification, not deliberate indifference to a serious medical need. Moreover, the medical needs claims are conclusory. As currently pled, the complaint contains frivolous allegations and fails to state claims for deliberate indifference to serious medical needs.

Therefore, the claims will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii) and 1915A(b)(1). However, since it appears plausible that Nash may be able to articulate a claim or claims against alternative defendants, he will be given an opportunity to amend the claims.

### E. Grievances

Nash alleges that Akinbayo ignored his complaints and that Grose failed to enforce a prior "informal resolution." To the extent that Nash bases his claims upon his dissatisfaction

with the grievance procedure, the claim fails because an inmate does not have a "free-standing constitutionally right to an effective grievance process." *Woods v. First Corr. Med., Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (unpublished) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991)). Notably, the denial of grievance appeals does not in itself give rise to a constitutional claim as Nash is free to bring a civil rights claim in District Court. *Winn v. Department of Corr.*, 340 F. App'x 757, 759 (3d Cir. 2009) (unpublished) (citing *Flick v. Alba*, 932 F.2d at 729). Finally, Nash has not stated a claim for constitutional violation through his conclusory allegations allegation that Grose had a duty to enforce all prior grievances.

To the extent Nash raises a grievance claim against Akinbayo, his participation in the after-the-fact review of a grievance or receipt of letters is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (unpublished) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation). *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), *aff'd*, 142 F.3d 430 (3d Cir. 1998) (prison officials' failure to respond to inmate's grievance does not state a constitutional claim).

Nash cannot maintain a constitutional claim based upon his perception that his grievances were not properly processed, that they were denied, or that the grievance process is inadequate. Therefore, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

F.    **Respondeat Superior**

It is evident from the allegations that Nash has named Akinbayo as a defendant based upon his supervisory positions. It is well established that claims based solely on the theory of

respondeat superior or supervisor liability are facially deficient. *See Ashcroft*, 556 U.S. at 676-77; *see also Solan v. Ranck*, 326 F. App'x 97, 100-01 (3d Cir. 2009) (unpublished) ("[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior").

The complaint alleges the warden of the facility has "veto powers" over all classified programs. The allegation speaks to Akinbayo's supervisory position. In addition, Nash takes exception to his prison classification. As discussed, his constitutional rights were not violated when he received a new classification. Nash's claims rest impermissibly upon a theory of supervisory liability and, therefore, the claims against Akinbayo will be dismissed as frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### G. Breach of Contract

Finally, the complaint does not allege breach of contract, to the extent that is Nash's intent. The complaint alleges that Nash entered into a contract with the State of Delaware and the DOC at the HRYCI. Nash alleges that the defendants breached the contract.

It is far from clear that an informal resolution is a contract. Nonetheless, the breach of contract claim fails given that the complaint alleges that the defendants breached the contract. None of the defendants are parties to the contract. Basic contract principles recognize that a person not a party to a contract cannot be held liable to it. *See Vichi v. Koninklijke Philips Elec. N.V.*, 62 A.3d 26, 59 (Del. Ch. 2012). The claim is frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### V. CONCLUSION

For the above reasons, the court will dismiss the complaint as frivolous and for failure to state claims upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

and 1915A(b)(1). All the defendants will be dismissed. Nash will be given leave to amend the retaliation and medical needs claims. All other claims are dismissed with prejudice.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

July 26, 2018
Wilmington, Delaware